Dawson Morton
Cal. SBN 320811
Santos Gomez
Cal. SBN 172741
Maria Esmeralda Vizzusi,
Cal. SBN 289908
LAW OFFICES OF SANTOS GOMEZ
1003 Freedom Boulevard
Watsonville, CA 95076
Ph: 831-228-1560
Fax: 831-228-1542
dawson@lawofficesofsantosgomez.com
santos@lawofficesofsantosgomez.com
esmeralda@lawofficesofsantosgomez.com

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM MIGUEL-SANCHEZ, LUIS ANTONIO MEZA-ESTRADA, and SERGIO JIMENEZ-CRUZ and others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MESA PACKING, LLC. <br><br> Defendant. | CIVIL ACT. NO.: <br><br> COMPLAINT <br><br> RULE 23 CLASS <br><br> JURY TRIAL DEMANDED |

1.      Plaintiffs are migrant and seasonal farmworkers employed by Defendant in the harvest of broccoli, broccolini, cauliflower and, at times, other leafy vegetables.

2.      Plaintiffs bring this complaint to assert their right to pay for all hours of work, compliance with the terms of their working arrangement, overtime under California law, reimbursement of necessary expenses, meal and rest break wage premiums, and lawful, accurate and complete paystubs.

3.      Plaintiffs were compensated on a piece rate and hourly basis but Defendant typically only recorded hours worked for those tasks which Defendant chose to compensate on an hourly basis.

- 1 -

1   Defendant's practice underreported the number of hours that Plaintiffs worked resulting in unpaid

2   minimum and overtime wages.

3                                    II. JURISDICTION AND VENUE

4   4.      This Court has jurisdiction of this action pursuant to:

5              a.   28 U.S.C. § 1331 (Federal Question);

6              b.   29 U.S.C. § 1337 (Interstate Commerce);

7              c.   29 U.S.C. § 1854(a) (Agricultural Worker Protection Act); and

8              d.   28 U.S.C. § 1367 (Supplemental).

9   5.      This Court has supplemental jurisdiction over the state law claims because they are so

10  related to Plaintiffs' federal claims that they form part of the same case or controversy under Article

11  III, Section 2 of the U.S. Constitution.

12  6.      **Intradistrict Assignment.**  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)

13  and N.D. Ca. Local Rule 3.2 because a substantial part of the claims arose in the Northern District

14  of California and because the Defendant does business in Monterey County.

15                                           **PARTIES**

16  7.      Plaintiff William Miguel-Sanchez has worked for Defendant since February 2009.

17  8.      Plaintiff Luis Antonio Meza-Estrada has worked for Defendant since September of 2014.

18  9.      Plaintiff Sergio Jimenez-Cruz has worked for Defendant since September of 2014.

19  10.     Plaintiffs were all employed as field workers in the harvest and planting and maintenance of

20  agricultural fields and were seasonal agricultural workers as defined the Migrant and Seasonal

21  Agricultural Worker Protection Act, 29 U.S.C. § 1802(10).

22  11.     Defendant Mesa Packing, LLC is a farm labor contractor licensed by the State of California

23  with license number FLC000184229.

24  12.     Defendant Mesa Packing has a principal place of business of 510 Broadway, King City,

25  California.

26  13.     David Gill, directly, or through a trust, is a beneficial owner of Mesa Packing.

27

28

14.     Defendant Mesa Packing hires, employs and furnishes migrant and seasonal agricultural workers for a fee and is a farm labor contractor as defined by 29 U.S.C. § 1802(7) under the AWPA.

15.     Defendant Mesa Packing employed the Plaintiffs as that term is defined under federal and state law.

16.     Defendant Mesa Packing has failed to register as a farm labor contractor with the U.S. Department of Labor in violation of federal law.

ALLEGATIONS OF CLASS REPRESENTATIVE

17.     Plaintiffs were each offered work and employed on Defendant Mesa Packing's harvesting crews.

18.     Plaintiffs were promised, among other things:

      a.   Pay for all hours worked;

      b.   Pay of $12.75 per hour in the 2018 season;

      c.   Pay of $13 per hour in the 2019 and 2020 seasons;

      d.   Overtime pay in compliance with Wage Order 14; and

      e.   Payment of wages in compliance with California law.

19.     The terms of Plaintiffs and others similarly situated, whether as seasonal or migrant agricultural workers, were required to be in writing as California Labor Code § 2810.5 mandates that the disclosure be in writing, effectively electing for Plaintiffs and others similarly situated, that Defendant provide the written disclosures specified in the AWPA at 29 U.S.C. § 1821(a) and 1831(a) to meet both statutory requirements.

20.     The terms of the required disclosure promised to Plaintiffs, and others similarly situated, formed a working arrangement enforceable under federal law.

21.     Defendant's daily work schedule included pre-shift exercises for Plaintiffs and others similarly situated.

22.     Plaintiffs and others similarly situated also received at the worksite each morning a distribution of items needed for harvest, including bands, ties and labels, and prepared an apron or belt in which the ties and labels were to be held.

23.     The distribution of items for harvest occurred pre-shift, and the work, without justification, was not recorded or compensated by Defendant.

24.     Specifically, Defendant failed to record the accurate field arrival time and the start of work of Plaintiffs and members of the Class that occurred prior to scheduled shift start times.

25.     Additionally, because Plaintiffs, and others similarly situated workers, began work before it was light out, Plaintiffs needed headlamps to see and harvest the crop.

26.     Plaintiffs and other similarly situated workers acquired, maintained, charged and replaced headlamps and batteries without any reimbursement from Defendant for their expenses.

27.     Defendant also did not record or compensate Plaintiffs for the time spent charging, preparing and maintaining their headlamps.

28.     Defendant knew or should have known that headlamps were in use as they were clearly visible on their workforce.

29.     As a result of their practice of failing to record all hours worked, Defendant, without justification, did not pay wages in keeping with California wage statutes and paid wages below those required by California law and the parties working arrangement.

30.     Plaintiffs and others similarly situated regularly worked for a piece rate based on the units of production with an understanding that all nonproductive time would be paid separately.

31.     Defendant did not record the hours associated with Plaintiffs' piece rate activities in violation of California and federal law.

32.     Because Plaintiffs, and others similarly situated, routinely worked a significant portion of their week, if not the majority of their week, performing piece rate work, the result was a significant under recording of hours worked.

33.     As a product of this pay record manipulation, Defendant's employment records routinely reflect dozens or hundreds of units of production being performed by Plaintiffs and other similarly situated workers, each week, in zero hours.

34.     Defendant prepared and provided paystubs to Plaintiffs and others similarly situated which failed to list the number of hours spent in piece rate activities.

35.    Defendant's paystubs violated the AWPA's recordkeeping provisions and California statutory paystub requirements by failing to list the total number of hours worked and the hours associated with piece rate work.

36.    At all times relevant to this action, Plaintiffs and members of the Class were also suffered and permitted to work for several minutes after the start of and before the end of their thirty (30) minute unpaid meal periods.

37.    At all times relevant to this action, Defendant automatically deducted thirty (30) minutes from the daily hour totals of Plaintiffs and members of the Class for meal periods regardless of whether they used, or were permitted, a full thirty minutes for an off-duty meal period.

38.    Time spent off-the-clock by Plaintiffs and members of the Class before the scheduled start of their shifts, during their thirty (30) minute unpaid meal periods, and after the scheduled end of their shifts, constitutes hours worked that has gone and continues to go unpaid by Defendant.

39.    Plaintiffs and other workers similarly situated were required to report to work Monday through Friday and at times Monday through Saturday, but at times were sent home before being provided at least half of their usual or scheduled day's work.

40.    On occasions when Defendant's crew leaders and/or supervisors sent workers home after reporting to work but before receiving half of their usual or scheduled day's work, Defendant failed to pay Plaintiffs and members of the Class reporting time wages of at least half their usual or scheduled day's work.

41.    At all times relevant to this action, Defendant knew, should have known, or otherwise showed willful and reckless disregard for the requirement that Plaintiffs and members of the Class were entitled to receive all meal periods or payment of one additional hour of pay at the regular rate of pay when a meal period was missed, late, or incomplete.

42.    Specifically, at all times relevant to this action, Plaintiffs and members of the Class regularly worked in excess of five (5) hours in a day without being provided at least one, timely (within five (5) hours of the start of work) and off duty thirty (30) minute meal period. Typically, when provided a meal break, the meal break came after six hours of work.

43.     At all times relevant to this action, Plaintiffs and members of the Class were not paid meal period premium wages for each late, short or missed meal period.

44.     On information and belief, Defendant knew, should have known, or otherwise showed willful and reckless disregard for the requirement that Plaintiffs and members of the Class were entitled to receive all rest breaks or payment of one additional hour of pay at the regular rate of pay when a rest break was missed or incomplete, and that they did not receive payment of one additional hour of pay at the regular rate of pay when a rest break was missed or incomplete.

45.     Plaintiffs and members of the Class regularly worked in excess of 3.5 hours in a day without being provided an off duty and uninterrupted ten (10) minute rest break, and regularly worked more than six (6) hours in a day without a second ten (10) minute rest break.

46.     Defendant did not pay Plaintiffs and other workers similarly situated rest break premium wages for late, short or missed rest breaks.

47.     The wage and time recording violations also caused minimum and overtime violations as Defendant failed to accurately record all compensable hours worked underreporting Plaintiffs' hours and thereby underreporting and underpaying minimum and overtime wages.

48.     Defendant Mesa Packing, LLC is a farm labor contractor registered with the state of California although federally unregistered.

49.     Defendant Mesa Packing left a space on its paystubs for FLC license but this space was not completed with a license number.

## CLASS ACTION ALLEGATIONS

50.     **Proposed Class.** Plaintiffs brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

51.     All workers employed by Defendant at work sites in California and compensated, in part, on a piece rate basis or employed during early morning or late evening low-light conditions.

52.     There is a well-defined community of interest in the litigation and the class is ascertainable:

53.     **Numerosity:** The Plaintiff Class is numerous such that the individual joinder of all members is impractical.  While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs believe that the class consists of more than 200 individual employees. The names and

addresses of the Class Members are available from Defendant. Notice can be provided to the Class Members via mail, Facebook, WhatsApp, radio and postings using techniques and a form of notice similar to those customarily used in agricultural class action lawsuits of this nature.

54.     **Typicality:** Plaintiffs' claims are typical of the claims of each class they seek to represent in that they arise from Defendant's failure to conform their wage and hour practices to the requirements of the federal AWPA requirements and regulations, the AWPA working arrangement, and the California Labor Code and the applicable California Wage Order, resulting in injury to Plaintiffs and the other putative class members.

55.     **Common Questions Predominate**:  The questions raised by this Complaint are of common or general interest to the members of the Plaintiff Class, who have a well-defined community of interest in the questions of law and fact raised in this action.  Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect only individual members of the Class. The common questions of law and fact applicable to both classes include, but are not limited to:

       a.   Whether the Defendant failed to reimburse Plaintiffs and others similarly situated for necessary expenses incurred in performing their duties;

       b.   Whether Defendant's pay practices, including those of failing to record compensable exercise, pre-shift work tasks, and wait time, conform to the requirements of the California Labor Code, Wage Order 14, and the AWPA working arrangement;

       c.   Whether the Defendant failed to pay the wages promised in the AWPA working arrangement and as required by California Industrial Welfare Commission Wage Order 14, and California employment statutes;

       d.   Whether the Defendant failed to record and compensate the Plaintiff Class for all hours of work, and thus, failing to pay them minimum wage as required by California Labor Code §§ 1182.11-1182.13, and 1197, and Wage Order 14;

       e.   Whether the Defendant failed to pay all members of the Plaintiff Class their full wages when due in violation of California Labor Code § 201;

f.   Whether, through the unlawful conduct herein alleged, the Defendant violated Cal.
Business and Professions Code § 17200 et seq.;

g.   What relief is necessary to remedy Defendant's unfair and unlawful conduct as
herein alleged; and,

h.   Other common questions of law and fact.

56.   **Adequacy of Plaintiffs as Class Representatives.**   Plaintiffs Miguel-Sanchez, Meza-Estrada, and Jiménez-Cruz, can adequately and fairly represent the interests of the Plaintiff Class as defined above because their individual interests are consistent with, not antagonistic to, the interests of the class. Further, Plaintiffs have no actual or potential conflict with any member of the class.

57.   **Adequacy of Counsel for the Class.**   Counsel for Plaintiffs possess the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment attorneys who have successfully litigated other cases involving similar issues.

58.   **Propriety of Class Action Mechanism.**   Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual members of each Class. Defendant has implemented a scheme that is generally applicable to the Plaintiff Class, making it appropriate to issue relief, including injunctive relief and corresponding declaratory relief with respect to the Plaintiff Class. In particular, the violations of law perpetrated against all Class Members in this case revolve around the application and interpretation of the AWPA working arrangement, AWPA disclosure, and AWPA and state paystubs and wage payment violations.

59.   The Plaintiff Class has been injured and is entitled to recover from Defendant for wrongful conduct and injuries. Class treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Further, the prosecution of separate actions against Defendant by individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

**FIRST CLAIM FOR RELIEF – AGRICULTURAL WORKER PROTECTION ACT**

Violation of the Migrant and Seasonal Agricultural Workers Protection Act ("AWPA")

(29 U.S.C. §§ 1801 *et seq.* – Rule 23 Class Count)

60.     Plaintiffs incorporate paragraphs 7 through 59 of this Complaint by reference as though fully set forth herein.

61.     Plaintiffs Miguel-Sanchez, Meza-Estrada, and Jimenez bring Count One against Defendant Mesa Packing for the 2015 to present seasons in which they worked for the Defendant pursuant to 29 U.S.C. § 1854.  This count is brought as a Rule 23 class claim.

62.     Defendant intentionally violated the rights of Plaintiffs and others similarly situated under the AWPA by:

    a.   Failing to provide a written disclosure of the terms and conditions of work as required by 29 U.S.C. § 1821(a) and as required by 29 U.S.C. § 1831(a) through operation of Cal. Labor Code 2810.5;

    b.   Providing false and misleading information regarding the terms and conditions of employment, in violation of 29 U.S.C. §§ 1821(f) and 1831(e);

    c.   Violating the terms of the working arrangement, without just cause, made with Plaintiffs and others similarly situated, in violation of 29 U.S.C. §§ 1822(c) and 1832(c); these working arrangements include those terms contained in California Wage Order 14, those posted at the work site;

    d.   Failing to pay wages when due for unpaid hours worked, and for missed or non-compliant meal periods and rest breaks, in violation of 29 U.S.C. §§ 1822(a) and 1832(a); and

    e.   Failing to provide workers with accurate, itemized written statements which include the correct number of hours worked, the correct hourly, piece rate, and nonproductive time rates of pay, the correct total pay period earnings, and the correct net pay, in violation of 29 U.S.C. §§ 1821(d) and 1831(c).

63.     Additionally, Defendant Mesa Packing engaged in labor contracting activities for a fee without a federal license from the Secretary of the U.S. Department of Labor to do so, in violation

of 29 U.S.C. § 1811.

64.     Pursuant to California Labor Code § 2810.5, employers must provide notice to employees of their rate(s) of pay, designated pay day, and the basis of wage payment.  As such, Defendant had at the time of Plaintiffs' seasonal recruitment, and continue to have, an obligation to inform Plaintiffs and others similarly situated of such information, including all applicable piece rate, hourly rate, and nonproductive time rates of pay.

65.     The failure by Defendant to provide Plaintiffs and the Class notice of these details regarding compensation operates as a violation of AWPA's disclosure and working arrangement provisions.

66.     Plaintiffs allege that Defendant gave notice to Plaintiffs and, on information and belief, the Class of the kind of work and rates of pay for such work, pursuant to Labor Code § 1695, by posting the rates of pay for each service provided, including the piece rates of pay for piece-rate work, and the hourly rates for hourly work, nonproductive time and rest periods.

67.     Plaintiffs allege that Defendant communicated the terms of employment with Plaintiffs by posting the Wage Orders at the job site enumerating specific obligations of the employer with regard to working conditions required by state law, and in particular with regard to: the payment of minimum wages; recordkeeping requirements; provision of meal periods; provision of rest breaks; and application of penalties.

68.     Defendant provided false and misleading information regarding the terms and conditions of employment, including failing to disclose that hours were not be recorded for piece rate work, that pre shift preparation time would not be recorded or compensated, and that some equipment would not be provided.

69.     For each violation of AWPA, each Plaintiff and class member is entitled to recover his or her actual damages, or up to $500 per violation in statutory damages, pursuant to 29 U.S.C. § 1854. Wherefore, Plaintiffs request relief as described herein and below.

### SECOND CLAIM FOR RELIEF – CALIFORNIA MINIMUM WAGE

70.     Plaintiffs incorporate the allegations in paragraphs 7 to 59.

71.     Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that Defendant's actions violated their rights and the rights of other similarly situated individuals to receive the minimum wage required by California Law.

72.     As described above in paragraph 21 through 33, Defendant did not record portions of Plaintiffs' and class members' work day including compensable pre and post shift work, exercise and waiting time.

73.     The hours, referenced above, were worked without additional payment. Consequently, those hours were completely uncompensated in violation of California's minimum wage laws.  Cal. Labor Code §§ 1182.11-1182.13, 1194, and 1197.

74.     As a result of Defendant's failure to comply with the aforementioned portions of the California Labor Code and Wage Order 14, Plaintiffs and members of the Plaintiff Class have been deprived of wages due them in amounts to be proven at trial, and are also owed liquidated damages for violations of their right to a minimum wage.

75.     Pursuant to Cal. Labor Code § 1194(a), Plaintiffs seek to recover the unpaid balance for all uncompensated hours, and reasonable attorneys' fees and costs. Pursuant to Cal. Labor § 1194.2, Plaintiffs also seek to recover liquidated damages.

### THIRD CLAIM FOR RELIEF

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CALIFORNIA LABOR CODE § 1194 and WAGE ORDER 14

76.     Plaintiffs incorporate the allegations in paragraphs 7 to 59.

77.     Plaintiffs brings this claim pursuant to California Labor Code § 1194 on behalf of themselves and a class of other workers, pursuant to Federal Rule 23(b)(3), and alleges that Defendant has violated California Industrial Welfare Commission Wage Order 14 by failing to accurately record and pay overtime wages for work performed.

78.     Defendant failed to pay Plaintiffs and the Plaintiff Class overtime wages in the amount of one and a half times the regular rate for all hours worked in each workday in excess of ten (10) hours for the seasons prior to 2019, in excess of nine and a half (9.5) hours for the 2019 season, and in excess of nine (9) hours for the 2020 season, and/or failed to pay overtime based on weekly hours

1  of sixty (60) prior to 2019, fifty-five (55) hours in the 2019 season, and fifty (50) hours in the 2020

2  season in a workweek as required by California Labor Code § 1194 and Wage Order 14.

3  79.      Specifically, Defendant failed to accurately record and compensate their field laborers for all

4  compensable hours, including pre and post shift activities, waiting time, and piece-rate compensated

5  time as detailed in paragraphs 21 through 24 and 25 through 37.

6  80.      Plaintiffs and a class of others similarly situated did not receive premium pay for all

7  overtime hours worked as a result of the underreporting of hours.

8  81.      As a direct and proximate result of the acts and/or omissions of the Defendant, Plaintiffs and

9  the class have been deprived of overtime wages due and are entitled to recover their unpaid wages.

10  82.      Plaintiffs and the class seek the relief described below, including damages in the amount

11  equal to unpaid overtime hours (at the premium rate), pre- and post-judgment interest and attorney's

12  fees and costs pursuant to Cal. Labor Code § 1194.

13  **FOURTH CLAIM FOR RELIEF**

Failure to Provide Meal Periods, or Premium Wages in Lieu Thereof
14  (Cal. Lab. Code §§ 226.7, 512 & Wage Orders – Rule 23 Class Count)

15  83.      Plaintiffs incorporate paragraphs 10-30, 36-46, and 50-59 of this Complaint by reference as

16  though fully set forth herein.

17  84.      Plaintiffs bring this Fourth Claim against Defendant pursuant to California Labor Code

18  §§ 226.7 and 512 to enforce the meal period provisions of the California Labor Code.  This count is

19  brought as a Rule 23 class claim.

20  85.      California Labor Code § 512 and Section 11 of Wage Order 14 impose an affirmative

21  obligation on employers to provide employees with an uninterrupted, duty-free, meal period of at

22  least thirty (30) minutes for each work period of five (5) or more hours before the end of the fifth

23  (5th) hour of work.

24  86.      Labor Code § 226.7 and Section 11 of Wage Order 14 require employers to pay employees

25  an additional hour of premium wages at the employee's regular rate of compensation on each

26  workday that the employee is not provided with a meal period.

27

28

87.     Defendant failed to relieve Plaintiffs and others similarly situated of all duties for uninterrupted meal periods of at least thirty (30) minutes before the end of their fifth (5th) hour of work as detailed in paragraphs 36 to 37 and 41 through 43.

88.     Defendant failed to pay premium wages for each workday in which Plaintiffs and others similarly situated were not provided an uninterrupted and timely thirty (30) minute meal period.

89.     At all times relevant to this action, Defendant has maintained policies and practices with respect to employee scheduling and meal periods that prevent Plaintiffs and others similarly situated from being relieved of all duties for an uninterrupted meal period of at least thirty (30) minutes before the end of their fifth (5th) hour of work, and that fail to pay them premium wages on workdays in which they are not provided a lawful meal period.

90.     As a result of Defendant's meal period practices, Plaintiffs and others similarly situated are entitled to receive premium wage compensation in an amount equal to one hour of additional wages at the applicable or promised rate of pay for each workday that Defendant failed to provide Plaintiffs and others similarly situated lawful meal periods pursuant to Labor Code § 226.7.

91.     As such, Plaintiffs seek, on behalf of themselves and others similarly situated, premium wages, interest thereon, and an award of reasonable costs.

## FIFTH CLAIM FOR RELIEF

Failure to Provide Rest Breaks, or Premium Wages in Lieu Thereof
(Cal. Lab. Code §§ 226.2, 226.7, 1198 & Wage Orders – Rule 23 Class Count)

92.     Plaintiffs incorporate paragraphs 7-59 of this Complaint by reference as though fully set forth herein.

93.     Plaintiffs bring this Fifth Claim against Defendant pursuant to California Labor Code § 226.7 to enforce the rest break provisions of the California Labor Code.  This count is brought as a Rule 23 class claim.

94.     Section 12 of Wage Order 14 imposes an affirmative obligation on employers to permit and authorize employees to take required uninterrupted rest breaks at a rate of no less than ten (10)

1  minutes for each four (4) hour work period, or major fraction thereof, that must be in the middle of

2  each work period insofar as is practicable.

3  95.    California Labor Code § 226.7 and Section 12(C) of Wage Order 14 require employers to

4  pay non-exempt employees an additional hour of premium wages at the employee's regular rate of

5  compensation on each workday that the employee is not provided with a rest break.

6  96.    Defendant did not authorize and permit Plaintiffs and others similarly situated to take

7  uninterrupted rest breaks of at least ten (10) minutes for each four (4) hour work period, or major

8  fraction thereof, and failed to pay premium wages in lieu of providing lawful rest breaks on such

9  workdays.

10  97.    At all times relevant to this action, Defendant has maintained policies and practices with

11  respect to employee scheduling and rest breaks that have failed to authorize and/or reasonably

12  permit Plaintiffs and the Class from being relieved of all duties for an uninterrupted rest break of at

13  least ten (10) minutes for each four (4) hour work period, or major fraction thereof, and which fail

14  to pay them premium wages on workdays in which they are not provided a lawful rest breaks.

15  98.    As a result of Defendant's rest break practices, Plaintiffs and the Class are entitled to

16  receive premium wage compensation in an amount equal to one hour of additional wages at the

17  applicable contractual rate of pay for each workday that Defendant failed to provide Plaintiffs

18  lawful rest breaks pursuant to Labor Code § 226.7.

19  99.    As such, Plaintiffs seek, on behalf of themselves and others similarly situated, premium

20  wages, interest thereon, and an award of reasonable costs.

21  **SIXTH CLAIM FOR RELIEF**

22  Failure to Indemnify for Necessary Business Expenditures

23  (Cal. Lab. Code § 2802 – Rule 23 Class Count)

24  100.    Plaintiffs incorporate paragraphs 7-59 of this Complaint by reference as though fully set

25  forth herein.

26  101.    Plaintiffs bring this Sixth Claim against Defendant pursuant to California Labor Code

27  § 2802 to enforce the reimbursement and indemnification for business expenses provisions of the

28  California Labor Code.

102.    This count is brought as a Rule 23 class claim.

103.    At all times relevant to this action, Plaintiffs and others similarly situated purchased equipment necessary for use in direct consequence of the discharge of their duties including, but not limited to, headlamps as further detailed in paragraphs 25-28.

104.    At all times relevant to this action, Defendant failed to reimburse Plaintiffs and others similarly situated for the expenditures they incurred in purchasing work equipment, including headlamps, necessary for the performance of their jobs, in violation of California Labor Code § 2802.

105.    As such, Plaintiffs seek, on behalf of themselves and others similarly situated, full reimbursement of necessary business expenditures, interest thereon, and awards of reasonable costs and attorneys' fees.

## SEVENTH CLAIM FOR RELIEF

Failure to Furnish Accurate Itemized Wage Statements

(Cal. Lab. Code §§ 226, 226.2 & Wage Orders – Rule 23 Class Count)

106.    Plaintiffs incorporate paragraphs 7 through 59 of this Complaint by reference as though fully set forth herein.

107.    Plaintiffs bring Count Seven against Defendant pursuant to California Labor Code §§ 226 and 226.2 to enforce the wage statement provisions of the California Labor Code.

108.    This count is brought as a Rule 23 class claim.

109.    At all times relevant to this action, the wage statements provided by Defendant to Plaintiffs and the Class failed to contain the information required by California Labor Code §§ 226, 226.2.

110.    Defendant furnished wage statements that lacked the following information:

      a.   hours worked during the time period that employees were compensated at a piece rate basis;

      b.   hours worked which were not recorded or compensated by Defendant including for pre and post-shift compensable work;

      c.   accurate total hours worked;

      d.   and accurate gross wages earned.

111.    By failing to pay Plaintiffs and others similarly situated for all off-the-clock hours worked, minimum wages owed, overtime wages owed, and/or premium wages for unlawfully-provided meal periods and/or rest breaks, Defendant has furnished Plaintiffs and others similarly situated with itemized wage statements that do not accurately reflect, among other things, gross and net wages earned, the total number of hours worked, and the applicable wage rates.

112.    At all times relevant to this action, Defendant has furnished Plaintiffs and others similarly situated with inaccurate itemized wage statements during pay periods in which Plaintiffs and others similarly situated were compensated piece rate that fail to list the hours associated with this piece rate compensable work.

113.    At all times relevant to this action, Defendant's failure to provide accurate itemized wage statements has been knowing and intentional, in that Defendant has had the ability to provide accurate itemized wage statements, but have instead knowingly and intentionally provided inaccurate wage statements as a result of policies and practices that failed to keep accurate records of all hours worked, and the total amount of minimum and premium wages owed, and all applicable rates of pay.

114.    At all times relevant to this action, Plaintiffs and the Class have suffered injuries due to Defendant's failure to provide accurate itemized wage statements in that, among other things, their legal rights to receive accurate itemized wage statements have been violated, they have been misled about the amounts of wages they have earned, they have had to spend additional time reviewing and analyzing their pay records, they have been prevented from immediately challenging allegedly unlawful pay practices, they have needed or will need to reconstruct time and pay records and perform mathematical computations to determine the amounts of wages they have earned or the applicable rates of pay, and/or have had inaccurate information about their wages and deductions submitted to government agencies.

115.    Pursuant to California Labor Code § 226(e), Plaintiffs seek to recover, on behalf of themselves and the Class, the greater of actual damages or $50 for the initial pay period in which a violation occurred, the greater of actual damages or $100 for each violation in a subsequent pay

period, up to the greater of actual damages or an aggregate $4,000 penalty, as well as awards of reasonable attorneys' fees and costs, all in amounts subject to proof.

### EIGHTH CLAIM FOR RELIEF
California's Unfair Competition Law ("UCL")
(Cal. Bus. & Prof. Code §§ 17200 *et seq.* – Rule 23 Class Count)

116.    Plaintiffs incorporate paragraphs 7 through 59 of this Complaint by reference as though fully set forth herein.

117.    Plaintiffs hereby bring this Eighth Claim against Defendant pursuant to California Business & Professions Code §§ 17200 *et seq.* to enforce the provisions prohibiting unlawful and/or unfair business practices of the California Business & Professions Code.

118.    California Business and Professions Code §§ 17200 *et seq.* defines "unfair competition" to include any unlawful business practice.

119.    Plaintiffs sue on behalf of themselves and others similarly situated pursuant to California Business and Professions Code §§ 17200 *et seq.*

120.    Plaintiffs and others similarly situated suffered injury-in-fact and have lost money as a result of Defendant's unfair competition alleged herein.

121.    Plaintiffs and others similarly situated were not paid minimum, overtime and reporting time wages as required by California Labor Code §§ 1182.12, 1194, 1197, 1198, and Industrial Welfare Commission Wage Order 14 at paragraphs 3 and 5; Plaintiffs and others similarly situated were not provided with meal periods, and/or premium wages in lieu thereof, in violation of California Labor Code § 226.7 and Wage Order 14 at paragraph 11; Plaintiffs and others similarly situated were not provided with rest breaks, and/or premium wages in lieu thereof, in violation of California Labor Code § 226.7 and Wage Order 14 at paragraph 12; Plaintiffs and others similarly situated were not indemnified for necessary business expenditures, in violation of California Labor Code § 2802; Plaintiffs and others similarly situated were not provided accurate itemized wage statements in violation of California Labor Code §§ 226 and 226.2.

122.    Pursuant to California Business and Professions Code § 17203, Plaintiffs seek, on behalf of themselves and others similarly situated, restitution of all moneys and property, including, but not

1   limited to, earned minimum, reporting, and premium wages that Defendant either acquired, and/or

2   may have acquired, from them by means of unfair competition in amounts subject to proof at trial.

3   123.   On information and belief, at all times relevant to this action, Defendant has either

4   acquired, or may have acquired, money or property in the form of earned minimum wages,

5   reporting wages and premium wages from Plaintiffs and members of the Class by means of unfair

6   competition as a result of Defendant's unlawful failure to pay them those wages, and related

7   failures to maintain accurate records, indemnify for necessary business expenditures, or timely pay

8   final wages at resignation or termination, in violation of the requirements of the California Labor

9   Code and Wage Order 14.  Defendant, by the acts or omissions alleged of herein, has injured and

10   are injuring the interests of the general public in that other employers who have been or currently

11   are employing farm workers and attempting to do so in honest compliance with applicable wage

12   and hour laws, including the laws violated by Defendant, are at an unfair competitive disadvantage

13   as a result of Defendant's conduct.

14   124.   As such, Plaintiffs seek, on behalf of themselves and others similarly situated, an injunction

15   restraining Defendant from maintaining and enforcing the unfair and/or unlawful practices and

16   policies that have resulted in the violations complained of herein, restitution of Plaintiffs' and the

17   Class' wages, and the economic value of benefits unlawfully denied them by Defendant.

18   125.   In addition, because Plaintiffs are enforcing important rights affecting the public interest

19   within the meaning of California Code of Civil Procedure § 1021.5, they seek payment of

20   attorneys' fees and costs.

21   **NINTH CLAIM FOR RELIEF**

22   Civil Penalties Under the Private Attorneys General Act ("PAGA")

    (Cal. Lab. Code §§ 2698 *et seq.*)

23

24   126.   Plaintiffs incorporate paragraphs 7 through 47 of this Complaint by reference as though

25   fully set forth herein.

26   127.   Plaintiffs bring this Ninth Claim against Defendant pursuant to California Labor Code

27   § 2698 *et seq.* to enforce California's Private Attorney General Act ("PAGA").   This count is

28   brought as a representative PAGA claim.

128.    PAGA permits individuals to recover civil penalties on behalf of themselves and other current or former employees for violations of California's Labor Code pursuant to § 2699(a).

129.    On August 21, 2019, Plaintiffs gave written notice of the facts and theories regarding Defendant's violations of the various provisions of the California Labor Code as alleged in this complaint to the LWDA via online filing and to Defendant by certified mail.

130.    Plaintiffs are aggrieved employees as defined in California Labor Code section 2699(a). They bring this cause of action on behalf themselves, the State of California, and other current and former aggrieved employees with respect to the violations Plaintiffs and aggrieved employees experienced at all times relevant to this action and as alleged in this complaint.

131.    Plaintiffs have complied with the pre-filing requirements set forth in California Labor Code § 2699.3 by giving written notice to the LWDA and the employer(s)—by certified mail with return receipt requested—of the alleged California Labor Code and Wage Order violations and the specific facts and theories in support thereof.  More than sixty-five (65) days have passed since the notice was given and Plaintiffs are now empowered to act on behalf of the state to enforce the California Labor Code and Wage Orders and collect penalties for violations thereof.

132.    As described in this complaint, Plaintiffs allege that Defendant violated the following provisions of the California Labor Code: sections 1182.12, 1194, and 1197 for failing to pay minimum wages; sections 200, 204, 204b, and 210 for failing to pay all wages owed weekly, semi-monthly or when due; Wage Order 14 for failing to furnish reporting time pay; sections 221 and 223 for secretly paying less than the statutory or contractual rate; section 226.2 for failing to pay all piece rate wages and compensable rest breaks and/or nonproductive time; sections 226, 226.2(a)(2), and 226.3 for providing inaccurate wage statements; sections 226.7, 512 and Wage Order 14 for failing to comply with the meal period and rest break requirements, and failing to pay premium wages in lieu of unprovided meal period and/or rest breaks; sections 1174 and 1174.5 for failing to maintain required accurate payroll records; and section 2802 for failing to reimburse necessary business expenses.  In addition, Defendant violated provisions of Wage Order 14 (8 Cal. Code Regs. § 11140), including provisions governing payment for all hours worked, reporting time wages, meal periods and rest breaks, and accurate record-keeping.

133.    As a consequence, Defendant has violated the rights of Plaintiffs and the rights of other current or former employees who worked for Defendant as non-exempt employees.  Defendant is therefore liable for PAGA penalties for violations of the California Labor Code and Wage Order 14 as described in this Complaint.

134.    Defendant is liable for civil penalties for their failure to compensate for all hours worked, pursuant to California Labor Code §§ 200, 204, 204b, 210, 221, 223, 558, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2699(f) and 2698 *et seq.*

135.    Defendant is liable for civil penalties for reporting time violations, within the meaning of Wage Order 14, which includes show up time and travel time, pursuant to California Labor Code §§ 200, 204, 210, 221, 223, 558, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2699(f) and 2698 *et seq.*

136.    Defendant is liable for civil penalties for violating the meal period and rest break requirements of Wage Order 14 pursuant to California Labor Code §§ 226.7, 512, 558, 2699(f) and 2698 *et seq.*

137.    Defendant is liable for civil penalties for failing to indemnify for necessary business expenditures as required by of Wage Order 14 pursuant to California Labor Code §§ 2802, 2699(f) and 2698 *et seq.*

138.    Defendant is liable for civil penalties for failing to provide accurate wage statements and for violating California's sick pay law, pursuant to California Labor Code §§ 226, 226.2, 246, 246.5, 247, 247.5, 248.5, 1174, 1174.5, 2699(f) and 2698 *et seq.*

139.    PAGA permits Plaintiffs to recover civil penalties on behalf of themselves, the State of California and other current or former employees, plus attorneys' fees, interest, and costs for violations of the Labor Code.  Cal. Labor Code §§ 2699 *et seq.*

140.    As such, Plaintiffs seek civil penalties, interest thereon, and awards of reasonable costs and attorney's fees on behalf of themselves, the State of California and other current or former employees.

**TENTH CLAIM FOR RELIEF**

**Claim for Reporting Time Pay Cal Labor Code § 1194 and Wage Order 14**

141.    Plaintiffs incorporate by reference paragraphs 7 through 59 of this Complaint.

142.    Plaintiffs bring this Tenth Claim against Defendant as a Rule 23 class action.

143.    Plaintiffs and other workers similarly situated were entitled, pursuant to California Industrial Welfare Commission Wage Order 14, to reporting time pay on days where they were sent home without receiving at least half of their regular shift.

144.    Plaintiffs and other workers similarly situated were not provided reporting time pay when they were sent home before half of their regular shift as further detailed in paragraphs 39 through 40.

145.    Defendant's failure to provide reporting time pay constituted a failure to pay wages in violation of California Labor Code § 1194.

146.    Plaintiffs seek their unpaid wages and interest thereupon.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant and relief as follows:

a)    That the Court assume supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367;

b)    That the Court certify the class defined herein;

c)    For an order appointing Plaintiffs as class representatives, and Plaintiffs' Counsel as class counsel;

d)    Under Count One:

1.    Grant judgment against Defendant Mesa Packing and in favor of Plaintiffs Miguel-Sanchez, Jimenez-Cruz and Mesa-Estrada and the Class, in an amount equal to their actual damages or statutory damages of up to $500, whichever is greater, pursuant to 29 U.S.C. § 1854(c), for Defendant's breach of the following provisions of AWPA:

i.    Wage payment;

ii.    Recordkeeping;

1         iii.    Unlicensed contracting by Defendant Mesa Packing;

2         iv.    False and misleading disclosures; and

3         v.    Violation of the working arrangement.

4        2.    Declare that Defendant has violated the Migrant & Seasonal Agricultural Worker

5    Protection Act, 29 U.S.C. § 1801 *et seq.* as described above.

6        3.    Enjoin Defendant from further violating the Migrant and Seasonal Agricultural

7    Worker Protection Act.

8    e)    Under Count Two:

9        1.    Grant judgment against Defendant and in favor of Plaintiffs and the Class, for

10   violations of California Labor Code §§ 1182.11-1182.13, and 1197, such that:

11        i.    Plaintiffs and the Class receive the full unpaid balance of their wages owed, as well

12             as liquidated damages in the amount of their minimum wage loss, during the Class

13             Period for the violation of their right to minimum wages pursuant to California Labor

14             Code §§ 1194, 1194.2 and 1197.

15        ii.    Plaintiffs receive appropriate injunctive relief, including an order requiring

16             Defendant to comply with California's minimum wage requirements.

17       2.    Award Plaintiffs and the Class attorneys' fees and costs pursuant to California Labor

18   Code § 1194(a).

19   f)    Under Count Three:

20       1.    Grant judgment against Defendant Mesa Packing and in favor of Plaintiffs and the

21   Class, for violations of California Labor Code § 1194 such that:

22        i.    Plaintiffs and the Class receive the full unpaid balance of their premium wages owed

23             during the Class Period.

24        ii.    Plaintiffs receive appropriate injunctive relief, including an order requiring

25             Defendant to comply with California's overtime requirements.

26       2.    Award Plaintiffs and the Class attorneys' fees and costs pursuant to California Labor

27   Code § 1194(a).

28   g)    Under Count Four:

1.     Grant judgment against Defendant Mesa Packing and in favor of Plaintiffs and the Class, for violations of California Labor Code § 226.7 such that:

    i.   Plaintiffs and the Class receive the full unpaid balance of their premium wages owed during the Class Period for meal periods.

    ii.   Plaintiffs receive appropriate injunctive relief, including an order requiring Defendant to comply with California's meal period requirements.

h)   Under Count Five:

1.     Grant judgment against Defendant Mesa Packing and in favor of Plaintiffs and the Class, for violations of California Labor Code § 226.7 such that:

    i)   Plaintiffs and the Class receive the full unpaid balance of their premium wages owed for rest breaks during the Class Period.

    ii)   Plaintiffs receive appropriate injunctive relief, including an order requiring Defendant to comply with California's rest break requirements.

i)   Under Count Six:

1.     Grant judgment against Defendant and in favor of Plaintiffs and the Class, for violations of California Labor Code § 2802 such that:

    i)   Plaintiffs and the Class receive restitution for all monies spent on work-related expenses during the Class Period.

    ii)   Plaintiffs receive appropriate injunctive relief, including an order requiring Defendant to comply with California's expense reimbursement requirements.

2.     Award Plaintiffs attorneys' fees and costs pursuant to California Labor Code § 2802(c).

j)   Under Count Seven:

1.     Grant judgment against Defendant and in favor of Plaintiffs and the Class, for violation of California Labor Code §§ 226 and 226.2 such that:

    i)   Plaintiffs and the Class receive the greater of their actual damages or $50 for the initial pay period in which a wage statement violation occurred, the greater of actual damages or $100 for each wage statement violation in a subsequent pay period, up to

1         the greater of actual damages or an aggregate $4,000 penalty.

2            ii)    Plaintiffs receive appropriate injunctive relief, including an order requiring

3                  Defendant to comply with California's wage statement requirements.

4        2.    Award Plaintiffs attorneys' fees and costs pursuant to California Labor Code

5        §§ 226(e) and 226(h).

6    k)    Under Count Eight:

7        1.    Grant judgment against Defendant and in favor of Plaintiffs and the Class, for

8        violations of California Business & Professions Code §§ 17200 *et seq.* such that:

9            i)    Plaintiffs and the Class receive all wages that they were unlawfully deprived of due

10                to Defendant's unfair business practices.

11           ii)    Plaintiffs and the Class recover wages as equitable relief for a period that extends the

12                statute of limitations or recovery period for wages to four (4) years.

13        2.    For declaratory judgment that the actions, conduct, and practices of Defendant

14        complained of herein constitute unfair business practices under California Business &

15        Professions Code §§ 17200 *et seq.*

16        3.    For an injunction and order permanently restraining and enjoining Defendant from

17        engaging in and continuing the unlawful and/or unfair policies and practices complained of

18        herein.

19        4.    Award attorneys' fees and costs pursuant to California Code of Civil Procedure

20        § 1021.5, as the Plaintiffs are enforcing an important right affecting the public interest.

21    l)    Under Count Nine:

22        1.    Grant judgment against Defendant and in favor of Plaintiffs and the PAGA

23        Workforce, for violations of California Labor Code §§ 2699 *et seq.* such that:

24            i)    Plaintiffs and the PAGA Workforce receive civil penalties payable to the State of

25                California, Plaintiffs, and other current or former aggrieved employees for each

26                violation of the California Labor Code and Wage Order 14 as described in this

27                Complaint, including, but not limited to, penalties under California Labor Code

28                §§ 200, 201-203, 204, 204b, 210, 221, 223, 226, 226.2, 226.3, 246, 246.5, 247,

247.5, 248.5, 256, 512, 558, 558.1, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 2699(f) and 2698 *et seq.*

2.     Find that Plaintiffs are aggrieved employees within the meaning of California Labor Code §§ 2699 *et seq.*; and

3.     Award Plaintiffs and the PAGA Workforce attorneys' fees and costs pursuant to California Labor Code § 2699(g).

m)   Under Count Ten:

   1.     Grant judgement against Defendant and in favor of Plaintiffs and the Plaintiff Class for violation of the Reporting Time provisions of California Industrial Welfare Commission Wage Order 14;

   2.     Award Plaintiffs and Plaintiffs' class their unpaid reporting time wages for each day in which they received less than half their regular shift; and

   3.     Award Plaintiffs and the Plaintiffs class their fees and costs pursuant to California Labor Code § 1194 for the failure to compensate Plaintiffs and the Plaintiff Class for reporting time.

n)   Awarding Plaintiffs and the Class pre-judgment interest of ten percent (10%) on the unpaid wages and compensation owed to Plaintiffs and the Class under California Civil Code §§ 3287(a) and 3289(b), California Labor Code §§ 218.6, 1194 and 2802(b), and/or any other applicable provision providing for interest;

o)   Granting declaratory relief as appropriate;

p)   Casting all costs upon Defendant; and

q)   Awarding any such other and further relief, at law or in equity, as the Court deems just and proper.

1

**DEMAND FOR JURY TRIAL**

2    147.    Plaintiffs demand trial by jury on claims so triable.

3    DATED: February 4, 2020

4                                                                  *s/ D. Morton*
                                                          _____
5                                                          DAWSON MORTON
                                                          ATTORNEY FOR PLAINTIFFS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28