Santos Gomez (Cal. SBN 172741)
Maria Esmeralda Vizzusi (Cal. SBN 289908)
Dawson Morton (Cal. SBN 320811)
LAW OFFICES OF SANTOS GOMEZ
1003 Freedom Boulevard
Watsonville, CA 95076
Ph: 831-228-1560
Fax: 831-228-1542
santos@lawofficesofsantosgomez.com
esmeralda@lawofficesofsantosgomez.com
dawson@lawofficesofsantosgomez.com


ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM MIGUEL-SANCHEZ, LUIS ANTONIO MEZA-ESTRADA, and SERGIO JIMENEZ-CRUZ and others similarly situated,<br><br>                Plaintiffs,<br><br>   vs.<br><br>MESA PACKING, LLC.<br><br>                Defendant. | CASE NO.: 5:20-cv-823-VKD<br><br>**CONSENT JUDGMENT AND STIPULATION FOR CLASS ACTION SETTLEMENT, AFFIRMATIVE RELIEF, AND RELEASE OF CLAIMS** |

     William Miguel-Sanchez, Luis Antonio Mesa-Estrada, and Sergio Jimenez-Cruz ("Plaintiffs") and Mesa Packing, LLC ("Defendant") hereby enter into the following Consent Judgment and Stipulation For Class Action Settlement, Affirmative Relief, and Release of Claims.

## **STIPULATION**

**A.**    **DEFINITIONS**

    1.     "Action" means the civil action pending in the United States District

Court for the Northern District of California, San Jose Division, titled *William Miguel-Sanchez et al. v. Mesa Packing, LLC*, Case No. 5:20-cv-823-VKD.

2.　　"Class Counsel" means Santos Gomez and Dawson Morton of the Law Offices of Santos Gomez.

3.　　"Class Members" means the 701 persons that worked for Defendant as non-exempt piece rate workers during the period of February 4, 2016 to October 23, 2020.

4.　　"Class Period" is the period of February 4, 2016 to October 23, 2020.

5.　　"Class Representatives" and "Plaintiffs" means William Miguel-Sanchez, Luis Antonio Meza-Estrada, and Sergio Jimenez-Cruz.

6.　　"Court" means the United States District Court for the Northern District of California, San Jose Division.

7.　　"Defendant" means Mesa Packing, LLC.

8.　　The "Effective Date" means the latest of the following: (a) if no Class Member makes an objection to the Settlement, the date the Court grants final approval to the Settlement; (b) if a Class Member objects to the Settlement but dismisses or withdraws the objection prior to a ruling on the objection, the date the Court grants final approval to the Settlement; (ii) if an objection by a Class Member is ruled on by the Court, the date for seeking appellate review of the Court's final approval of the Settlement has passed without a timely request for review; (iii) the date a Class Member's appeal from the Court's final approval of the Settlement has been voluntarily dismissed; or (iv) the date the California Court of Appeals or the California Supreme Court has rendered a final judgment on a Class Member's appeal affirming the Court's final approval of the Settlement without material modification.

9.　　"Gross Settlement Amount" means the amount of  One Million Eight Hundred and Fifty Thousand Dollars ($1,850,000) to be paid by Defendant pursuant to this Settlement. The following payments will be made from the Gross Settlement Amount: (1) the amount of attorney's fees and litigation costs awarded to Class

Counsel; (2) the amount of Service Payments awarded to the Plaintiffs; and (3) the settlement benefits to Class Members who do not exclude themselves from the Settlement. The Gross Settlement Amount does not include payments for Defendant's share of payroll taxes on the portion of settlement benefits allocated to wages, nor does the Gross Settlement Amount include the cost of settlement administration (estimated to be approximately $9,982), which is to be paid in full by Defendant separately.

10.     "Net Settlement Amount" means the portion of the Gross Settlement Amount remaining after deductions are made for the amount of attorney's fees and litigation costs awarded to Class Counsel and the amount of Service Payments awarded to the Plaintiffs.

11.     "Notice" means the Notice of Class Action Settlement, substantially in the form attached as Exhibit A, to be mailed out by the Settlement Administrator to Class Members.

12.     "Parties" means the Class Representatives and Defendant.

13.     "Settlement" or "Agreement" means this Consent Judgment and Stipulation For Class Action Settlement, Affirmative Relief and Release of Claims.

14.     "Settlement Administrator" means Atticus Administration, who will perform the duties of: (i) conducting address traces to locate Class Members as necessary; (ii) preparing and mailing the Notice of Class Action Settlement, (iii) tracking requests for exclusion; (iv) responding to Class Member inquiries; (v) distributing all payments required by the Settlement; (vi) tax reporting in connection with the Settlement; and (vii) any other duties necessary for administration of the Settlement.

B.     **RECITALS**

1.     Plaintiffs are migrant and seasonal farmworkers employed by Defendant in the harvest of broccoli, broccolini, cauliflower and, at times, other leafy vegetables who performed non-exempt agricultural hourly and piece rate work

("Class Members") for Defendant from February 4, 2016 to October 23, 2020. Plaintiffs filed this Class Action to assert their rights to be paid for all hours of work, comply with the terms of their working arrangement, overtime under California law, reimbursement of necessary expenses, meal and rest break premium wages, and to receive lawful, accurate and complete paystubs. Plaintiffs alleged they were compensated on a piece rate and hourly basis, but Defendant typically only recorded hours worked for those tasks which Defendant chose to compensate on an hourly basis. As a result of these claims, Plaintiffs alleged violations of the following: (1) The Migrant and Seasonal Agricultural Workers Protection Act ("AWPA"), 29 U.S.C. §§ 1801 *et seq*.; (2) California minimum wages laws, Cal. Lab. Code §§ 1182.11-1182.13, 1194 and 1197; (3) California overtime laws, Cal. Lab. Code § 1194 and Wage Order 14; (4) California meal period laws, Cal. Lab. Code §§ 226.7, 512 & Wage Orders; (5) California rest break laws, Cal. Lab. Code §§ 226.2, 226.7, 1198 & Wage Orders; (6) California reimbursement and indemnification for business expenses law, Cal. Lab. Code § 2802; (7) California itemized wage statement laws, Cal. Lab. Code §§ 226, 226.2 & Wage Orders; (8) California's Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200 *et seq*.; (9) the Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698 *et seq*.; and (10) California reporting time pay law, Cal. Lab. Code § 1194 and Wage Order 14.

2.      Defendant is a farm labor contractor licensed by the State of California with its principal place of business in King City, California. Defendant is represented by attorney Ana C. Toledo with the law firm of Noland, Hamerly, Etienne & Hoss. Defendant has concluded that it is desirable to settle this matter on the terms provided in this Agreement to avoid additional expense, inconvenience, and distraction.

3.      At Defendant's request the parties agreed to informal class discovery in advance of mediation which include production of Defendant' electronic payroll data.  In addition to producing class data and information, Defendant produced the

time and payroll records for the Plaintiffs and Class Members. Plaintiffs reviewed the class data and information and the time and payroll records in advance of mediation. On August 8, 2020, the parties participated in a day-long mediation with Mediator Christopher E. Panetta of the Law Firm Fenton & Keller. While the parties were not able to reach agreement at the mediation, the parties agreed to continue settlement discussions and eventually reach a full and complete settlement of all the class claims alleged in the complaint.

4.      Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate, and is in the best interest of the Class Members in light of all known facts and circumstances, including Defendant's financial condition. Defendant also agrees that the Settlement is fair, reasonable and adequate.

## C.      TERMS OF SETTLEMENT

1.      Gross Settlement Amount: Defendant shall pay the Gross Settlement Amount of One Million Eight Hundred and Fifty Thousand Dollars ($1,850,000). The Gross Settlement Amount shall include payments for: (1) the amount of attorney's fees and litigation costs awarded to Class Counsel; (2) the amount of Service Payment awarded to Plaintiffs; and (3) settlement benefits to Class Members who do not exclude themselves from the Settlement. The Gross Settlement Amount shall not include the employer's share of payroll taxes owed on the portion of settlement benefits paid to Class Members that are allocated to wages or the cost of settlement administration (estimated to be around $9,982), which Defendant shall pay in full, separately from the Gross Settlement Amount, and no later than fifteen days after the Effective Date.

2.      Non-Monetary Relief: In addition to the Gross Settlement Amount, Defendant agrees to continue and/or implement and enforce the following employment practices:

(a)    Provide a full 30-minute duty-free meal period before the conclusion of fifth and tenth hours of work on all work days of more than five hour or ten hour total duration;

(b)    Provide duty-free rest periods of no less than 10 minutes for every four hours, or major fraction thereof, of work. Defendant also agrees to continue to provide the first daily rest period with a 15 minute duration through the end of the year 2025;

(c)    all non-productive work, including but not limited to, pre-shift work preparing labels, performing exercises, time changing harvesting locations during the work day (whether at the same field worksite or between different ranches), will be tracked and recorded separately and paid separately from the piece rate earnings at no less than the guaranteed hourly rate;

(d)    rest and recovery periods will be paid in accordance with Labor Code Section 226.2 (no non-productive time will be included in the denominator when calculating the average piece rate hourly rate); and

(e)    all other necessary tools and equipment will be provided to piece rate workers free of charge, including but not limited to, headlamps (with all necessary batteries).

3.    <u>Certification by Defendant</u>: At the time of the Preliminary Hearing, Defendant shall file a certification that Defendant has implemented each of the practices identified above in paragraph 2.

4.    <u>Attorney's Fees and Costs</u>: Class Counsel will apply to the Court for an award of up to Four Hundred Thousand Dollars ($400,000) for attorneys' fees (21.6% of the Gross Settlement Amount), or an application to the Court for an award of up to Seven Thousand Five Hundred Dollars ($7,500) for litigation costs, to compensate Class Counsel for the work already performed in this case and all work remaining to be performed in documenting the Settlement, securing Court approval of the

Settlement, and ensuring that the Settlement is fairly administered and implemented. The Settlement Administrator will issue to Class Counsel a Form 1099 with respect to their award of attorneys' fees and costs. If the Court does not award the requested amount, the difference, if any, shall be allocated to the class.

5.    <u>Service Payment to Class Representative</u>: Plaintiffs will request the Court award Seven Thousand Five Hundred Dollars ($7,500) to each Plaintiff for their service as the Class Representatives ("Service Payment") in addition to any payment they may otherwise receive as a Class Member. The Settlement Administrator will issue to Plaintiffs a Form 1099 for their Service Payment. If the Court does not award the requested amount, the difference, if any, shall be allocated to the class.

6.    <u>Distribution to Class Members</u>: Each member of the Class who does not submit a timely request for exclusion from the Settlement shall receive his/her pro-rata share of the Net Settlement Amount based number of pay periods he or she performed work for Defendant during the Class Period.

7.    <u>Non-Reversionary; Cy Pres</u>: The settlement is completely non-reversionary and the entire Net Settlement Amount shall be distributed to Class Members who do not exclude themselves from the Settlement. In the event settlement checks issued to Class Members are not cashed or deposited within 180 days after mailing, the checks shall become null and void and any funds remaining from such uncashed checks shall be disbursed by the Settlement Administrator in equal amounts to the Food Bank for Monterey County, California Secretary of State Corporate Number C1675355 and the not for profit heath care provider Salud Para La Gente, California Secretary of State Corporate Number C00999104.

8.    <u>Tax Allocation of Class Member Distributions</u>: The Parties agree that the Settlement payments to Class Members will be treated as follows: 50% of the payments shall be allocated to wages, 25% shall be allocated to interest, and 25% shall be allocated to penalties. The Settlement Administrator shall be responsible for

issuing claimants a Form W-2 with respect to the portion of settlement benefits allocated to wages and, to the extent required by law, a Form 1099 with respect to the portion of settlement benefits allocated to interest and penalties.

9.    Funding and Distribution Dates: Within five business days after the Effective Date, the Settlement Administrator shall advise Defendant of the total amount of funds needed for making all payments required under the Settlement, including the payments to be made from the Gross Settlement Amount and the employer's share of payroll taxes to be made separately from and in addition to the Gross Settlement Amount. Defendant shall remit to the Settlement Administrator the total amount of funds needed to fully fund the settlement, pay the employer's share of payroll taxes, and pay the full amount of the Settlement Administrator's fee within fifteen (15) days after the Effective Date. The Settlement Administrator shall make all payments required under the Settlement as soon as practicable after receipt of settlement funds from Defendant.

**D.    NOTICE, EXCLUSION AND OBJECTION PROCEDURES**

1.    Within fifteen (15) days following the Court's entry of an Order Granting Preliminary Approval of the Settlement, Defendant shall provide to the Settlement Administrator, with a copy to Class Counsel, a database or spreadsheet listing the complete name, last known home address, and social security number, dates of employment, and number of piece rate workdays worked during the class period for each of the 701 Class Members (the "Class List").  The Settlement Administrator will use the data Defendant provides to calculate the estimated amount each class member will receive. The estimated amount will be included in Notice of Class Settlement each class member will receive.

2.    Within ten (10) days after receiving the Class List from Defendant, the Settlement Administrator shall send a Notice to each Class Member, in English and Spanish, by first class mail in the form attached as Exhibit A. The Settlement Administrator shall provide Class Counsel a copy of the Class List for Class Counsel

to use to answer any class member's questions and to assist the Settlement Administrator in the administration of the Settlement. The Settlement Administrator shall also prepare and maintain a website through the administration of the settlement where the Notice and any other case information shall be available to Class Members in English and Spanish.

3.      The Settlement Administrator shall use reasonable standard skip tracing procedures as necessary to verify the accuracy of all addresses before the initial mailing date to ensure that the Notice is sent to all Class Members at the addresses most likely to result in immediate receipt of those documents. It shall be conclusively presumed that any Notice so mailed and not returned as undeliverable within thirty (30) days of the mailing shall have been received by the Class Member.  With respect to any returned Notices, the Settlement Administrator shall use reasonable diligence to obtain a current address and re-mail to such address.

4.      Class Members shall have forty-five (45) days from the initial mailing of the Notice by the Settlement Administrator to request exclusion from the Settlement by submitting a request in writing to be excluded from the Settlement to the Settlement Administrator. If disputes about the validity or timeliness of any request for exclusion arise, the Parties shall meet and confer. If the Parties cannot resolve the dispute, the Court shall make a final and binding determination as to whether the request for exclusion shall be deemed valid.

5.      Class Members who submit a timely and valid request for exclusion will not be bound by the release provisions of the Settlement and will not be entitled to receive any settlement benefits under the Settlement.

6.      Class Members shall have forty-five (45) days from the initial mailing of the Notice Packet by the Settlement Administrator to submit any objections to the Settlement and advise of their desire to appear at the Final Fairness Hearing. The Class Notice shall include specific instructions to Class Members for submitting objections, which must be sent in writing to the Settlement Administrator.

**E.     RELEASE OF CLAIMS**

1.     <u>Class Members' Released Claims</u>: Each Class Member who does not submit a timely and valid request for exclusion shall, upon the Effective Date, be deemed to have released any and all claims against Defendant and any former and present parent, subsidiary, and affiliated entity, and their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all claims, rights, demands, liabilities and causes of action under California law that Class Members asserted in the Action or that could have been asserted in the Action based on the allegations in the Complaint, for the time period of February 4, 2016 through and including October 23, 2020, including all claims for: (a) unpaid wages, Cal. Lab. Code §§ 1182.11-1182.13, 1194 and 1197, (b) unpaid overtime wages, Cal. Lab. Code § 1194 and Wage Order 14, (c) failure to provide meal periods, Cal. Lab. Code §§ 226.7, 512 & Wage Orders, (d) failure to provide rest breaks, Cal. Lab. Code §§ 226.2, 226.7, 1198 & Wage Orders, (e) failure to pay wages upon separation, Cal. Lab. Code §§ 201-203, (f) failure to provide accurate wage statements, Cal. Lab. Code §§ 226, 226.2 & Wage Orders, (g) failure to pay for reporting time, Cal. Lab. Code § 1194 and Wage Order 14, (h) failure to reimburse for business expenses, Cal. Lab. Code § 2802, (i) unlawful business practices related to the above alleged Labor Code violations pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq*., (j) any and all claims under PAGA arising out of the wage, hour and payroll practices asserted, Cal. Lab. Code §§ 2698 *et seq*., and (k) violations of AWPA, 29 U.S.C. §§ 1801 *et seq*. Released Parties shall include third parties such as Earthbound Farm, LLC for whom Class Members performed piece rate agricultural work during the Class Period while employed and paid by Defendant.

2.     <u>Additional Attorney's Fees Released by Class Counsel</u>: In consideration for an award of attorney's fees, expenses and costs in accordance with this

Settlement, Class Counsel irrevocably and forever waive any and all claims to any further attorney's fees and costs in connection with the Action. This limitation, however, does not apply to any work Class Counsel may reasonably undertake to enforce the terms of this Settlement, including but not limited to, the <u>Non-Monetary Relief terms.</u>

**F**.     <u>**COURT APPROVAL**</u>

1.      Plaintiffs shall promptly move the Court for the entry of an Order Granting Preliminary Approval of the Settlement and Approval and Entry of the Nonmonetary Terms as a Consent Judgment.

2.      In accordance with the Court's Order Granting Preliminary Approval of the Settlement, Plaintiffs, after the Settlement Administrator has mailed the Notice to Class Members and the time for Class Members to request exclusion from or make an objection to the Settlement has expired, shall move the Court for the entry of an Order Granting Final Approval of the Settlement and entering Consent Judgment, including the performance of the non-monetary terms.

3.      This Settlement shall not take effect until the Court has entered an order granting final approval of the Settlement and that order has become final after any objections to the Settlement or any appeals from the order granting final approval of the Settlement have been resolved. If for any reason this Settlement is materially modified on appeal, then this Settlement will become null and void, no payment under this Settlement will be made, and the Settlement shall not be used nor be admissible in any subsequent proceeding either in this Court or in any other Court or forum.

4.      The Parties agree to waive appeals from the Court's order granting final approval of the Settlement with the following exceptions: (1) the Plaintiffs and/or Defendant may appeal if the Court materially modifies the Settlement; and (2) Plaintiffs may appeal if the Court awards attorney's fees and costs or Service Payments in an amount less than authorized by this Settlement and requested by

Plaintiffs. Any appeal with respect to the amount of attorney's fees and costs or Service Payments shall not affect the finality of the Settlement in any other regard or delay the payment of settlement benefits to Class Members or the payment of administration costs to the Settlement Administrator.

**G**.     **MISCELLANEOUS**

1.     The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

2.     The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of the Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

3.     The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

4.     Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant, and Defendant denies any such liability. Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

5.     This Settlement may be executed in counterparts, and when each party has signed at least one such counterpart, each counterpart shall be deemed an

1   original, and, when taken together with other signed counterparts, shall constitute
2   execution of the Settlement, which shall be biding upon and effective as to all Parties.
3        6.      The Court will have continuing jurisdiction over the Action for the
4   purpose of implementing the terms of the Consent Judgment and Settlement
5   including the performance of the non-monetary terms, the preliminary and final
6   approval of the Settlement, entry of judgment, and post-judgment issues, until all
7   related matters are fully resolved.  Any dispute regarding the Parties' obligations
8   pursuant to this Settlement and/or interpretation of the terms of this Settlement will
9   be presented by written motion to, and resolved by, the Court.
10       **IT IS SO AGREED**.

11  **Plaintiffs**
12
13
14  Dated: _____       _____
15                               William Miguel-Sanchez
16
17  Dated: _____       _____
18                               Luis Antonio Meza-Estrada
19
20  Dated: _____       _____
21                               Sergio Jimenez-Cruz
22  **Defendant**
23
24
25  Dated:  1-7-21              _____
26                               By: Mike  Hitchcock
27                               Mesa Packing, LLC
28  //

- 13 -

Consent Judgment and Stipulation for Class Action Settlement, Affirmative Relief, and Release of Claims

original, and, when taken together with other signed counterparts, shall constitute

execution of the Settlement, which shall be biding upon and effective as to all Parties.

6.     The Court will have continuing jurisdiction over the Action for the

purpose of implementing the terms of the Consent Judgment and Settlement

including the performance of the non-monetary terms, the preliminary and final

approval of the Settlement, entry of judgment, and post-judgment issues, until all

related matters are fully resolved.  Any dispute regarding the Parties' obligations

pursuant to this Settlement and/or interpretation of the terms of this Settlement will

be presented by written motion to, and resolved by, the Court.

**IT IS SO AGREED.**

**Plaintiffs**

Dated: _12 - 24 - 2020_          _____

                                 William Miguel-Sanchez

Dated: _12-24-2020_              _____

                                 Luis Antonio Meza-Estrada

Dated: _12-24 -2020_             _____

                                 Sergio Jimenez-Cruz

**Defendant**

Dated: _____          _____

                                 By: Mike  Hitchcock
                                 Mesa Packing, LLC

//

- 13 -
Consent Judgment and Stipulation for Class Action Settlement, Affirmative Relief, and Release of Claims

**APPROVED AS TO FORM**

Dated: 1/5/2021          LAW OFFICES OF SANTOS GOMEZ

By _____

Dawson Morton
Santos Gomez
Attorneys for Plaintiffs and the Class

Dated: _____          NOLAND, HAMERLY, ETIENNE & HOSS

By _____

Ana C. Toledo
Counsel for Mesa Packing, LLC

1    **APPROVED AS TO FORM**

2

3    Dated: 1/5/2021              LAW OFFICES OF SANTOS GOMEZ

4

5                                 By _____

6                                 Dawson Morton
                                   Santos Gomez
7                                 Attorneys for Plaintiffs and the Class

8

9    Dated: 1/8/21               NOLAND, HAMERLY, ETIENNE & HOSS

10

11

12

13                               By _____

14                                 Ana C. Toledo
                                   Counsel for Mesa Packing, LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -

Consent Judgment and Stipulation for Class Action Settlement, Affirmative Relief, and Release of Claims