UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM MIGUEL-SANCHEZ, et al., <br> Plaintiffs, <br> v. <br> MESA PACKING, LLC, <br> Defendant. | Case No. 20-cv-00823-VKD <br><br> **ORDER DIRECTING DISTRIBUTION OF CY PRES FUNDS** <br><br> Re: Dkt. No. 69 |

Following final approval of the class action settlement in this matter, Dkt. No. 59, the Court extended the class payment period to permit the Settlement Administrator to conduct additional searches and effectuate payment to any unpaid class members who could be located. Dkt. No. 68.

On October 14, 2022, plaintiffs filed an amended final payment report stating that an additional 17 class members were located and paid. Dkt. No. 69 at 2. They further report that $65,994.50 now remains of the settlement fund for distribution to the previously approved *cy pres* recipient, Salud Para La Gente ("Salud") in Watsonville, California. *Id.* Plaintiffs request that the Court order payment of the remaining funds to the *cy pres* recipient. *Id.* In the alternative, they propose distribution of the remaining funds on a pro rata basis.

Preliminarily, if the Court were to distribute the remaining funds pro rata to the 548 class members who were successfully paid, the distributions would be minimal. Plaintiffs report that the average additional payment would be less than $120, with a quarter of the payments less than $15. Dkt. No. 69 at 2. Plaintiffs report that an additional distribution would also incur further administration costs. Because any further distribution would be minimal relative to the payments

United States District Court
Northern District of California

already made to class members, the Court finds that distribution to the *cy pres* beneficiary is appropriate.

"*Cy pres* provides a mechanism for distributing unclaimed funds to the next best class of beneficiaries." *In re Easysaver Rewards Litig.*, 906 F.3d 747, 760 (9th Cir. 2018). "Under the *cy pres* approach, 'class members receive an indirect benefit (usually through defendant donations to a third party) rather than a direct monetary payment.'" *Id.* (quoting *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012)). "[Ninth Circuit case law] encourage[s] the selection of *cy pres* recipients that both [(1)] promote 'the objectives of the underlying statute(s)' and [(2)] serve 'the interests of the silent class members.'" *Perkins v. Linkedin Corp.*, No. 13-CV-04303-LHK, 2016 WL 613255, at *13 (N.D. Cal. Feb. 16, 2016) (citing *Lane*, 696 F.3d 811; *Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012); *Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011)). "The Court must be 'guided by' these considerations and evaluate whether the *cy pres* distribution is 'the next best distribution' to giving the funds directly to the class members." *Id.* (quoting *Dennis*, 697 F.3d at 865).

Here, the designated *cy pres* recipient, Salud, provides healthcare services in California's Pájaro Valley, without regard to whether a patient is able to pay for those services. Salud Para La Gente, *Main Page*, https://splg.org/ (last visited: October 17, 2022). It has 10 clinic sites and nearly 30,000 patients. *Id.* Approximately 75% of Salud's patients do not speak English. *Id.*

Here, the *cy pres* recipient has an indirect connection to the objectives of the underlying statutes at issue in this case. Plaintiffs brought claims pursuant to the California Labor Code; the Migrant and Seasonal Agricultural Workers Protection Act ("AWPA"), 29 U.S.C. §§ 1801 *et seq.*; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* Of particular importance, the AWPA protects migrant and seasonal agricultural workers, many of whom are low income, by establishing employment standards related to wages, housing, transportation, disclosures and recordkeeping. While Salud does not directly work on issues of housing or transportation, it appears to serve the same community the AWPA seeks to protect. Therefore, there is a sufficient connection between the *cy pres* recipient and the objectives of the underlying statutes at issue.

Salud also "serves the interests of the silent class members." *See Nachshin*, 663 F.3d at 1039. As noted, Salud provides healthcare services for individuals living in California's Pájaro Valley, where many individuals in the class work. Salud's history further demonstrates that they serve the interests of the settlement class: "Salud was founded in 1978. We began as a single free clinic offering healthcare primarily to farmworkers living and working on California's Central Coast. . . . We serve a unique, vibrant community including farmworkers and their families." Salud Para La Gente, *History*, https://splg.org/about/history/ (last visited: October 17, 2022).

Finally, the Court notes that there were no objectors to the parties' settlement agreement throughout the process. Dkt. No. 69 at 3.

For the foregoing reasons, the Court orders that the net amount of $65,994.50 be paid to the parties' *cy pres* recipient, Salud Para La Gente in Watsonville, CA.

**IT IS SO ORDERED.**

Dated: October 18, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge